MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
SUTASINEE SIRIMUNGKLA and PUNSAK
KEAWMANEE, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| *Plaintiffs*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
|  | **29 U.S.C. § 216(b)** |
| YUQI'S CUISINE INC.  (D/B/A YUQI'S | |
| CUISINE), CUI XIA JI, MARK TAMAS, | **ECF Case** |
| VICKY TAMAS, and DANNY DOE, | |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiffs Sutasinee Sirimungkla and Punsak Keawmanee, individually and on behalf of

others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael

Faillace & Associates, P.C., upon their knowledge and belief, and as against Yuqi's Cuisine Inc.

(d/b/a Yuqi's Cuisine), ("Defendant Corporation"), Cui Xia Ji, Mark Tamas, Vicky Tamas, and

Danny Doe, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants Yuqi's Cuisine Inc. (d/b/a Yuqi's

Cuisine), Cui Xia Ji, Mark Tamas, Vicky Tamas, and Danny Doe.

2.       Defendants own, operate, or control a Thai restaurant, located at 813 9th Ave, New

York, NY 10019 under the name "Yuqi's Cuisine."

3.     Upon information and belief, individual Defendants Cui Xia Ji, Mark Tamas, Vicky Tamas, and Danny Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiffs were employed as a server and a cook at the restaurant located at 813 9th Ave, New York, NY 10019.

5.     Plaintiff Sutasinee Sirimungkla was ostensibly employed as a server. However, she was required to spend a considerable part of her work day performing non-tipped duties, including but not limited to cleaning the bathrooms, kitchen, and overall restaurant, sweeping the floors, cutting food for salads, packing food, cutting lemons, and going shopping in the supermarket (hereafter the "non-tipped duties").

6.     At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

7.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.     Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

9.     Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

10.    Defendants employed and accounted for Plaintiff Sirimungkla as a server, but in actuality her duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.     Regardless, at all relevant times, Defendants paid Plaintiff Sirimungkla at a rate that was below or at the required tip credit rate.

12.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Sirimungkla's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Sirimungkla's and other tipped employees' tips and made unlawful deductions from these Plaintiffs' and other tipped employees' wages.

14.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Thai restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

20.    Plaintiff Sutasinee Sirimungkla ("Plaintiff Sirimungkla" or "Ms. Sirimungkla") is an adult individual residing in New York County, New York.

21.    Plaintiff Sirimungkla was employed by Defendants at Yuqi's Cuisine from approximately November 1, 2017 until on or about August 4, 2018.

22.    Plaintiff Punsak Keawmanee ("Plaintiff Keawmanee" or "Mr. Keawmanee") is an adult individual residing in Queens County, New York.

23.    Plaintiff Keawmanee was employed by Defendants at Yuqi's Cuisine from approximately February 2018 until on or about July 26, 2018.

*Defendants*

24.    At all relevant times, Defendants owned, operated, or controlled a Thai restaurant, located at 813 9th Ave, New York, NY 10019 under the name "Yuqi's Cuisine".

25.    Upon information and belief, Yuqi's Cuisine Inc. (d/b/a Yuqi's Cuisine) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 813 9th Ave, New York, NY 10019.

26.    Defendant Cui Xia Ji is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Cui Xia Ji is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Cui Xia Ji possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.    Defendant Mark Tamas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mark Tamas is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Mark Tamas possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.    Defendant Vicky Tamas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Vicky Tamas is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Vicky Tamas possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.    Defendant Danny Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Danny Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Danny Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

30.    Defendants operate a Thai restaurant located in the Midtown West section of Manhattan in New York City.

31.    Individual Defendants, Cui Xia Ji, Mark Tamas, Vicky Tamas, and Danny Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

32.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

34.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

35.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

36.    Upon information and belief, Individual Defendants Cui Xia Ji, Mark Tamas, Vicky Tamas, and Danny Doe operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

37.  At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

38.  In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.  In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

40.  Plaintiffs are former employees of Defendants who were employed as a cook and ostensibly as a server. However, Plaintiff Sirimungkla, the server, spent over 20% of each shift performing the non-tipped duties described above.

41.  Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Sutasinee Sirimungkla*

42.   Plaintiff Sirimungkla was employed by Defendants from approximately November 1, 2017 until on or about August 4, 2018.

43.   Defendants ostensibly employed Plaintiff Sirimungkla as a server.

44.   However, Plaintiff Sirimungkla was also required to spend a significant portion of her work day performing the non-tipped duties described above.

45.   Although Plaintiff Sirimungkla ostensibly was employed as a server, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

46.   Plaintiff Sirimungkla regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

47.   Plaintiff Sirimungkla's work duties required neither discretion nor independent judgment.

48.   Throughout her employment with Defendants, Plaintiff Sirimungkla regularly worked in excess of 40 hours per week.

49.   From approximately November 1, 2017 until on or about January 30, 2018, Plaintiff Sirimungkla worked from approximately 11:00 a.m. until on or about 11:00 p.m., Mondays, Wednesdays, Thursdays, and Sundays and from approximately 11:00 a.m. until on or about 11:30 p.m., Fridays and Saturdays (typically 73 hours per week).

50.   From approximately January 31, 2018 until on or about May 1, 2018, Plaintiff Sirimungkla worked from approximately 11:00 a.m. until on or about 11:00 p.m., Mondays, Wednesdays, Thursdays, and Sundays and from approximately 11:00 a.m. until on or about 11:30 p.m., Saturdays (typically 60.5 hours per week).

51.    From approximately May 2, 2018 until on or about August 4, 2018, Plaintiff Sirimungkla worked from approximately 11:00 a.m. until on or about 11:00 p.m., Wednesdays, Thursdays, and Sundays (typically 36 hours per week).

52.    Throughout her employment, Defendants paid Plaintiff Sirimungkla her wages in cash.

53.    From approximately November 1, 2017 until on or about August 4, 2018, Defendants paid Plaintiff Sirimungkla a fixed salary of approximately $75 to $150 per day.

54.    Specifically, Plaintiff Sirimungkla was paid $75 per day on days that the restaurant was at minimum capacity (4 or 5 times per month throughout her employment). During weekdays, Plaintiff Sirimungkla regularly made from approximately $100 to $120 per day throughout her employment. When Plaintiff Sirimungkla would work Saturdays and Sundays she would make approximately $150 per day throughout her employment.

55.    Defendants never granted Plaintiff Sirimungkla any breaks or meal periods of any kind.

56.    Plaintiff Sirimungkla was never notified by Defendants that her tips were being included as an offset for wages.

57.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Sirimungkla's wages.

58.    Defendants withheld a portion of Plaintiff Sirimungkla's tips; specifically, Defendants pocketed 4% of credit card tips.

59.    Plaintiff Sirimungkla was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

60.     On a number of occasions, Defendants required Plaintiff Sirimungkla to sign a document, the contents of which she was not allowed to review in detail.

61.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Sirimungkla regarding overtime and wages under the FLSA and NYLL.

62.     Defendants did not provide Plaintiff Sirimungkla an accurate statement of wages, as required by NYLL 195(3).

63.     Defendants did not give any notice to Plaintiff Sirimungkla, in English and in Thai (Plaintiff Sirimungkla's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Punsak Keawmanee*

64.     Plaintiff Keawmanee was employed by Defendants from approximately February 2018 until on or about July 26, 2018.

65.     Defendants employed Plaintiff Keawmanee as a cook.

66.     Plaintiff Keawmanee regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

67.     Plaintiff Keawmanee's work duties required neither discretion nor independent judgment.

68.     Throughout his employment with Defendants, Plaintiff Keawmanee regularly worked in excess of 40 hours per week.

69.     From approximately February 2018 until on or about June 30, 2018, Plaintiff Keawmanee worked from approximately 10:30 a.m. until on or about 11:00 p.m., Sundays, Mondays, Wednesdays, and Thursdays, from approximately 10:30 a.m. until on or about 11:45

p.m., on Fridays, and from approximately 10:30 a.m. until on or about 11:30 p.m., on Saturdays (typically 76.25 hours per week).

70.    From approximately July 1, 2018 until on or about July 26, 2018, Plaintiff Keawmanee worked from approximately 10:30 a.m. until on or about 11:00 p.m., Sundays through Thursdays, from approximately 10:30 a.m. until on or about 11:45 p.m., on Fridays, and from approximately 10:30 a.m. until on or about 11:45 p.m., on Saturdays (typically 88.75 hours per week).

71.    Throughout his employment, Defendants paid Plaintiff Keawmanee his wages in cash.

72.    From approximately February 2018 until on or about March 2018, Defendants paid Plaintiff Keawmanee a fixed salary of $140 per day.

73.    From approximately March 2018 until on or about July 26, 2018, Defendants paid Plaintiff Keawmanee a fixed salary of $150 per day.

74.    Defendants never granted Plaintiff Keawmanee any breaks or meal periods of any kind.

75.    Plaintiff Keawmanee was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

76.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Keawmanee regarding overtime and wages under the FLSA and NYLL.

77.    Defendants did not provide Plaintiff Keawmanee an accurate statement of wages, as required by NYLL 195(3).

78.    Defendants did not give any notice to Plaintiff Keawmanee, in English and in Thai (Plaintiff Keawmanee's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

79.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

80.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

81.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

82.    Defendants required Plaintiff Sirimungkla and all other servers to perform general non-tipped tasks in addition to their primary duties as servers.

83.    Plaintiff Sirimungkla and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

84.    Plaintiff Sirimungkla's duties were not incidental to her occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

85.    Plaintiff Sirimungkla and all other tipped workers were paid at a rate that was lower than the lower tip credit rate by Defendants.

86.    However, under state law, Defendants were not entitled to a tip credit because Plaintiff Sirimungkla's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

87.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

88.    In violation of federal and state law as codified above, Defendants classified Plaintiff Sirimungkla and other tipped workers as tipped employees, and paid them at a rate that was at or below the tip credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

89.    Defendants failed to inform Plaintiff Sirimungkla who received tips that Defendants intended to take a deduction against Plaintiff Sirimungkla's earned wages for tip income, as required by the NYLL before any deduction may be taken.

90.    Defendants failed to inform Plaintiff Sirimungkla who received tips, that her tips were being credited towards the payment of the minimum wage.

91.    Defendants failed to maintain a record of tips earned by Plaintiff Sirimungkla who worked as a server for the tips she received.

92.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Sirimungkla who received tips, by engaging in a pattern, practice,

and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving servers of a portion of the tips earned during the course of employment.

93.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiff Sirimungkla, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

94.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

95.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

96.     On a number of occasions, Defendants required Plaintiff Sirimungkla to sign a document the contents of which she was not allowed to review in detail. Defendants paid Plaintiffs their wages in cash.

97.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

98.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

99.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

100.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

101.    Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

102.    Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

103.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were

employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

104.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

105.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

106.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

108.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

109.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

110.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

111.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

112.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

113.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

115.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

116.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

117.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

118.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

119.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

120.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

121.    Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

122.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

124.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

125.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

126.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

128.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

129.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

130.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131.    Defendants failed to provide Plaintiffs with a written notice, in English , containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

132.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

133.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

134.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

135.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

136.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

138.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

139.    Defendants unlawfully misappropriated a portion of Plaintiff Sirimungkla's tips that were received from customers.

140.    Defendants knowingly and intentionally retained a portion of Plaintiff Sirimungkla's tips in violations of the NYLL and supporting Department of Labor Regulations.

141.    Plaintiff Sirimungkla was damaged in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

142.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

- 21 -

143.    Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

144.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount

equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(n)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay

shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York
          September 7, 2018

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                              By:        /s/ Michael Faillace
                                        Michael Faillace [MF-8436]
                                        60 East 42nd Street, Suite 4510
                                        New York, New York 10165
                                        Telephone: (212) 317-1200
                                        Facsimile: (212) 317-1620
                                        *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 14, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                        Punsak Keawmanee

Legal Representative / Abogado:        Michael Faillace & Associates, P.C.

Signature / Firma:                     PUNSAK KEAWMANEE

Date / Fecha:                          14 de agosto de 2018

*Certified as a minority-owned business in the State of New York*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 8, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Sutasinee Sirimungkla
Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:           _Situsinee S._