# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510
New York, New York 10165

March 6, 2020

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

---

**VIA ECF**

Honorable Debra.C. Freeman
United States Magistrate Judge
United States District Court
Southern District of New York
300 Pearl Street, Courtroom 17A
New York, NY 10007

> The settlement is approved as fair, reasonable and adequate, including the provision of attorney's fees. Judgment should be entered in favor of the plaintiffs and against the defendants, except defendant Mark Tamas who has filed for bankruptcy, in the amount of $12,000 in accordance with the Settlement Agreement. Pursuant to Fed. R. Civ. P. 54(b), there is no just reason to delay entering this Judgment even though it does not dispose of the case against Mark Tamas.
> SO ORDERED.
>
>                          /s/ John G. Koeltl
> New York, NY               John G. Koeltl
> July 15, 2020                U.S.D.J.

Re: Sirimungkla, et al v. Yuqi's Cuisine Inc., et al.
     18-cv-8186 (DCF)

Your Honor:

This office represents the Plaintiffs in the above referenced matter. Plaintiffs write jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair. We apologize for the delay in finalizing and submitting this settlement agreement for approval.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions during a settlement conference before Your Honor. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

As noted in a separate letter being filed with the Court, defendant Mark Tamas has filed for Chapter 7 bankruptcy protection since signing the Agreement. Accordingly, the action should be stayed as against him.

Plaintiffs brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et

Certified as a minority-owned business in the State of New York

March 6, 2020

Page 2

seq. (the "NYLL"), and violations of the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146.

Plaintiffs allege they were employed by Defendants as a waitress and as a cook at their Thai restaurants in Manhattan under the name Yuqi's Cuisine. They also allege Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, failure to pay spread of hours pay, and failure to provide annual notice and wage statements.

## I.      The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants agreed to pay $12,000 to settle all claims through two payments. The first payment of $5,000 is due upon approval, and the second payment of $7,000 is due October 21, 2020.

Plaintiffs allege they are entitled to back wages of approximately $55,000 from Defendants. Plaintiffs estimate that if they had recovered in full for their claims, exclusive of attorney's fees, they would be entitled to approximately $145,000. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B."

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed

March 6, 2020

Page 3

settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Significantly, Defendants vigorously contested the alleged hours worked by the Plaintiffs, duties of the Plaintiffs and the method of Plaintiffs' pay.

More importantly, Defendants demonstrated an inability to pay a greater amount. Defendants do not operate the restaurant anymore. Defendant Mark Tamas has filed for Chapter 7 bankruptcy protection.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II.  Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with his retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $4,310.00 from the settlement fund as attorneys' fees and costs. This represents costs plus one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreements, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty*

March 6, 2020

Page 4

*Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsels' significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

i.    Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM). Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is billed at the rate of $450 per hour and indicated by the initials "MF."

March 6, 2020
Page 5

      ii.     Joshua S. Androphy is an associate at Michael Faillace & Associates, P.C. He graduated from Columbia Law School in 2005.  He practiced as an associated at Olshan Frome Wolosky LLP through 2012.  He has practiced as senor attorney with Michael Faillace & Associates, P.C. from December 2012 to present, cultivating a background in labor and employment law, with a focus on FLSA litigation.  His work is billed at the rate of $400 per hour and indicated by the initials "JA."

      iii.    Work performed by Sara Isaacson, a former associate at Michael Faillace & Associates, P.C., is billed at the rate of $350 per hour and indicated by the initials "SI."  .  Following law school, she worked at a commercial litigation firm, which also specialized in defending wage and hour cases.  Since joining the undersigned firm in May 2017, she was responsible for all aspects of the firm's employment docket in federal court.

      iv.    Work performed by paralegals is billed at the rate of $100 per hour and indicated by the initials "PL."

A true and correct copy of Plaintiffs' attorneys' billing records is annexed as Exhibit C.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

      Respectfully submitted,

      /s/ Joshua S. Androphy
      Joshua S. Androphy
      MICHAEL FAILLACE & ASSOCIATES, P.C.
      Attorneys for the Plaintiffs

Enclosures

cc: Stephen Hans, Esq. (via ECF)